1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8    STEVEN DEAN PARKS,                         No. C-13-2489 EMC (pr)
9              Plaintiff,
                                                **ORDER OF DISMISSAL**
10        v.
11   HAMLIT, Warden; *et al.*,
12             Defendants.
     _____/
13

14                        **I.    INTRODUCTION**

15        Plaintiff, an inmate currently incarcerated at San Quentin State Prison, filed this *pro se*

16   prisoner's civil rights action under 42 U.S.C. § 1983.  His complaint alleges claims based on events

17   and omissions that occurred in 2001.  Specifically, he alleges that the then-warden of the

18   Correctional Training Facility in Soledad "injected [him] with a syringe with a color red looking

19   fluid" while Plaintiff was held down by an unknown uniformed officer, and Plaintiff thereafter

20   became severely ill.  Docket # 1 at 5.  The Court ordered Plaintiff to show cause why his apparently

21   time-barred claim should not be dismissed.  Plaintiff filed a response to that order to show cause and

22   also filed an amended complaint repeating his allegations.  For the reasons discussed below, this

23   action will be dismissed because it was filed more than seven years and eight months too late and is

24   barred by the statute of limitations.

25                        **II.    DISCUSSION**

26        A federal court must engage in a preliminary screening of any case in which a prisoner seeks

27   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

28   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The civil rights statute, 42 U.S.C. § 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Plaintiff argues that his action was delayed because he did not receive some medical documents until 2012. *See* Docket # 10 at 7; Docket # 11 at 2. He has not explained what the medical documents were, nor how they support a delayed accrual of the cause of action or otherwise help him avoid the statute of limitations. The allegations in Plaintiff's amended complaint plainly show that there is no basis for a later date for the accrual of the cause of action based on a delayed discovery of his cause of action. Plaintiff knew the critical facts of his injury in 2001. He alleges that he knew he had been hurt and who had inflicted the injury when the events occurred in July 2001, as he allegedly saw the John Doe guard hold him down and warden Hamlet inject him with a syringe containing red fluid. *See* Docket # 11 at 1; Docket # 1 at 4. Not only did he allegedly observe the wrongdoing, he allegedly suffered injuries in July 2001 and September 2001. He alleges that, in 2001, he immediately became sickened from the injection, and sought and obtained medical care at a hospital after he was transferred to a different prison on September 6, 2001. *See* Docket #

11 at 4-5; *see also id.* at 5 (that he was sick was obvious to "[a]ny lay person").  All the operative facts allegedly occurred in 2001, and Plaintiff was aware of them as they occurred.  The cause of action accrued no later than mid-September 2001.  Plaintiff adds a claim in his amended complaint that he was held under harsh conditions in July 2001; this cause of action also accrued in 2001 because Plaintiff knew the critical facts that the guards were holding him in adverse conditions as the conditions occurred.  *See* Docket # 11 at 3.

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues.  *See* Cal. Civ. Proc. Code § 352.1.  Plaintiff contends that § 352.1 does not apply to him because he is serving an indeterminate sentence of 15 years to life imprisonment.  *See* Docket # 10 at 6-7.  He is wrong.  Although, when read literally, § 352.1 tolls the statute of limitations only for persons who are serving terms of imprisonment less than for life, California courts have held that a prisoner serving a life sentence is entitled to the tolling benefit of § 352.1 (formerly § 352(a)(3)).  *See Grasso v. McDonough Power Equip.*, 264 Cal. App. 2d 597, 601 (Cal. Ct. App. 1968).  A prisoner serving a life sentence with the possibility of parole therefore is entitled to California's tolling of the statute of limitations.  *See Martinez v. Gomez*, 137 F.3d 1124, 1125-26 (9th Cir. 1998) (following *Grasso*).  Moreover, if the provision did not apply to Plaintiff, it would mean he receives no tolling for his imprisonment, and his action would be even more untimely, i.e., his action would be more than nine years too late instead of more than seven years too late.

The limitations period also may be tolled if the person is insane at the time the cause of action accrues.  *See* Cal. Code Civ. Proc. § 352(a).  For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts."  *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968); *cf. Feeley v. Southern Pac. Trans. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic

stress disorder does not count as "insanity" that tolls the limitations period).  Plaintiff states that he

has a mental illness and brain damage, and can only do legal work for ten to fifteen minutes at a

time.  *See* Docket # 11 at 10.  Even if he could do legal work for only ten to fifteen minutes *a day*,

that would amount to more than sixty hours a year, and he would have had more than enough time to

timely file his complaint.  He provides no information about the nature of the mental problems, and

has come nowhere close to showing that they amount to the "insanity" that can toll the limitations

period under § 352.(a).  Further, there is ample evidence in the dockets of this Court and the U.S.

District Court for the Eastern District of California showing that Plaintiff was fully functional in

prison for the decade following the alleged wrongdoing in 2001, and has been an active litigant since

2009.  In the Eastern District, Plaintiff sought review of a March 25, 2009 Board of Parole Hearings

denial of parole.  *See Parks v. State of California*, E. D. Cal. Case No. 10-cv-829-LJO-SKO.  Prior

to filing the action in the Eastern District in 2010, Plaintiff had filed several state habeas petitions in

June 2009 and later.  *See* Docket # 19-1 at 2 in E. D. Cal. No. 10-cv-829-LJO-SKO.  The parole

transcript filed in that action showed that plaintiff had held numerous jobs in prison (i.e., porter, yard

worker, vocational masonry, book-bindery work, and yard crew), *id.* at 32, and eventually had been

placed in the academic department where he was studying for his GED because he had dropped out

of school in the 11th grade before his incarceration, *id.* at 28.  Plaintiff stated at his 2009 parole

hearing  that, although he had been placed in mental health housing in about 2007, he took no

medications and had no disabilities that prevented him from participating in the parole hearing.

*See id.* at 14-15.  The psychological evaluation read into the record at the parole hearing did not

mention that Plaintiff had a mental illness or brain damage.  Since 2011, Plaintiff has filed nine

actions in this court.  His alleged mental problems do not excuse the missed statute of limitations

deadline.

The limitations period may be subject to equitable tolling.  Under California law, equitable

tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal

remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries

or damage.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v.*

*California*, 21 Cal. 3d 313, 317 (1978)).  Thus, in an appropriate case, the statute of limitations

1 might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal

2 court.  Plaintiff has provided no information suggesting that equitable tolling is appropriate in this

3 case.

4    The statute of limitations is an affirmative defense that is grounds for *sua sponte* dismissal of

5 an *in forma pauperis* complaint only where the defense is complete and obvious from the face of the

6 pleadings or the court's own records.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir.

7 1984). That is the situation here:  the defense is complete and obvious from the face of the amended

8 complaint because this action was filed more than a dozen years after the acts and omissions alleged

9 in the complaint occurred.  The Court has given Plaintiff an opportunity to explain why the action is

10 not barred by the statute of limitations, and has considered his reasons offered in response.  None of

11 his reasons indicate that the amended complaint is not time-barred.  The untimely complaint will be

12 dismissed.

### III.  CONCLUSION

14    Plaintiff's causes of action accrued no later than mid-September 2001.  Applying the two-year

15 statute of limitations plus two years for the disability of imprisonment, Plaintiff had to file his action

16 no later than the middle of September 2005.  This action was not filed until May 28, 2013, and

17 therefore missed the statute of limitations deadline by more than seven years and eight months.  This

18 action is dismissed because it is barred by the statute of limitations.

19    Plaintiff's response to the order to show cause was captioned as a "motion for 28 U.S.C. §

20 1915A" and "motion answering order to show cause."  (Docket # 10.)  The Clerk shall terminate the

21 motion and close the file.

22

23    IT IS SO ORDERED.

24

25 Dated: March 20, 2014

26    _____
    EDWARD M. CHEN

27    United States District Judge

28